UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ADAM L. STERLING,   Case No. 15-CV-2578 (ADM/LIB)

    Petitioner,

v.   REPORT AND RECOMMENDATION

MICHELLE SMITH,

    Respondent.

---

This matter is before the undersigned United States Magistrate Judge on petitioner Adam L. Sterling's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* Docket No. 1. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Sterling's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Sterling's petition.

Sterling is currently serving a life sentence without the possibility of parole for a conviction of first-degree premeditated murder. *See State v. Sterling*, 834 N.W.2d 162 (Minn. 2013). The Minnesota Supreme Court affirmed Sterling's conviction and sentence on July 24, 2013. *Id.* Sterling has once before requested federal habeas relief in this District, which was summarily dismissed without prejudice for failure to exhaust state remedies with respect to each of the claims raised in that previous petition. *See Sterling v. Smith*, No. 14-CV-4063 (ADM/LIB), 2014 WL 5496867 (D. Minn. Oct. 30, 2014).

Sterling's current federal habeas petition now before the Court is difficult to decipher. It appears that Sterling is now attempting to challenge whether the evidence introduced at his trial

was sufficient to establish his guilt beyond a reasonable doubt. *See* Petition at 7 [Docket No. 1]. An in-depth analysis of this claim is unnecessary, however, as Sterling's current habeas petition is clearly time-barred. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Sterling filing a habeas petition previously (he has in fact already once done so); (2) Sterling is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Sterling's claim is not predicated on any new factual discovery.

Under § 2244(d)(1)(A), Sterling was thus required to file his current habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court affirmed Sterling's conviction and sentence on July 24, 2013, and the judgment in Sterling's case became final 90 days thereafter, on October 22, 2013. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). The limitations period for Sterling to file a federal habeas petition began running on that date, and it ended exactly one year later, on October 22, 2014. Sterling did not file his most recent federal habeas petition until May 2015. This was plainly too late.[1]

Because it is clear on the face of Sterling's current habeas petition and the relevant state-court records that Sterling's petition is barred by the statute of limitations, this Court recommends that the petition be denied.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28

---

[1] As noted above, Sterling has already once filed for federal habeas relief. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Because a federal habeas petition is not "an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," that provision does not toll the one-year limitations period during the pendency of a previous federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). It does not appear that Sterling has ever properly filed an application for post-conviction relief in the state courts, and thus § 2244(d)(2) has never operated to toll the limitations period for Sterling to file a federal habeas petition.

U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Sterling's current habeas corpus petition differently than it is being treated herein.  Sterling has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Sterling should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Adam L. Sterling's petition for a writ of habeas corpus [Docket No. 1] be DENIED.

2. This action be DISMISSED.

3. Sterling's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

4. Sterling's motion for relief on basis of reasonable doubt [Docket No. 3] be DENIED AS MOOT.

5. No certificate of appealability be granted.

Dated: June 8, 2015               s/Leo I. Brisbois
                                  Leo I. Brisbois
                                  U.S. MAGISTRATE JUDGE

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.